1 | **THE MOULTON LAW FIRM, P.C.**
2 | 6401 E. Thomas Rd., Suite 101
  | Scottsdale, Arizona 85251
3 | (480) 355-5000 FAX (480) 355-5019
  | Timothy L. Moulton; No. 010066
4 | tim@moultonlawoffice.com
  | Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation, | ACTION NO: 2:17-cv-01994-MHB |
| Plaintiff, | (Maricopa County Superior Case No. CV2017-008470) |
| vs. | **THIRD AMENDED COMPLAINT** |
| AMAZON.COM, INC., a Delaware corporation; WALLYGADGETS, a foreign partnership, corporation, or other business entity; SHENZHEN BO RUI ZE TECHNOLOGY CO. (CHINA) LTD., a foreign partnership, corporation, or other business entity; LG SHENZHEN TECHNOLOGY CO.(CHINA) , LTD., a foreign partnership, corporation, or other business entity; LG COMPANY (KOREA) a foreign partnership, corporation, or other business entity; LG CHEM COMPANY (KOREA) , a foreign partnership, corporation, or other business entity; LG CHEM (CHINA) LTD, a foreign partnership, corporation, or other business entity; ***SUPER ENGINE, a corporation, partnership, or other business entity;*** JOHN DOES and JANE DOES I-V, husbands and wives; BLACK PARTNERSHIPS I-V; and WHITE CORPORATIONS I-V, | **(Breach of Warranties/ Negligence/Subrogation/ Product Liability/Negligent Misrepresentation/ Consumer Fraud/ Fraud/Aiding and Abetting)** |
| Defendants. | |

Plaintiff State Farm, by and through undersigned counsel, for its Complaint against Defendants, and each of them, states and alleges as follows:

GENERAL AND FACTUAL ALLEGATIONS

1.      At all times material hereto, Plaintiff State Farm Fire and Casualty Company was an Illinois Insurance Corporation doing business as an insurance carrier in the State of Arizona, and insureds Hussein Zeitoun aka Simon Zeitoun and his family for the home at 3941 N. Sonoran Hills, Mesa, in the County of Maricopa, State of Arizona. Plaintiff State Farm has incurred claims in the amount of $433,710.37 (consisting of structure damages of $221,164.86, contents/personal property damages of $142,814.60, loss of use/substitute housing damages of $67,570.91, and the insured's deductible of $2,160.00), plus any additional amounts paid or damages incurred in the future to be proven at time of trial, in claim number 03-8S57-450 and policy number 03-CJA4-651, caused by the fault of and the acts and/or omissions of Defendants, and each of them, arising out of a fire loss occurring on or about June 23, 2016, at the above home. Plaintiff State Farm is legally, contractually and by equity entitled to subrogation rights involving these claim payments and loss under Arizona law.

2.      Defendant Amazon.com, Inc., on information and belief, at all times material herein, was and is a Delaware corporation authorized to do business in the County of Maricopa and State of Arizona, and was and is responsible for the production, ordering, importing, assembly, packaging, advertising, marketing, distribution, and sale of a hoverboard, its batteries and component parts (identified in this complaint), used by foreseeable family members, insureds, and consumers, in and around the home of Hussein Zeitoun aka Simon Zeitoun. At all times material hereto, it produced, ordered, imported, assembled, packaged, advertised, distributed, marketed, and sold a hoverboard, its batteries and component parts (identified in this complaint) and otherwise did business in Maricopa County and the State of Arizona. It has caused events to occur in Maricopa County, Arizona, which form the basis of this lawsuit.

3.      Defendant WallyGadgets, on information and belief, at all times material herein, was and is a foreign partnership, corporation, or other business entity believed to be based in China or some other foreign country, authorized to do business in the County of Maricopa and State of Arizona, and was and is responsible for the planning, design,

manufacture, assembly, production, ordering, importing, assembly, packaging, advertising, marketing, distribution, and sale of a hoverboard, its batteries and component parts (identified in this complaint), used by foreseeable family members, insureds, and consumers, in and around the home of Hussein Zeitoun aka Simon Zeitoun.  At all times material hereto, it planned, designed, manufactured, produced, ordered, imported, assembled, packaged, advertised, distributed, marketed, and sold a hoverboard, its batteries and component parts (identified in this complaint) and otherwise did business in Maricopa County and the State of Arizona.  It has caused events to occur in Maricopa County, Arizona, which form the basis of this lawsuit.

4.     Defendant Shenzhen Bo Rui Ze Technology Co.(China), Ltd., on information and belief, at all times material herein, was and is a foreign partnership, corporation, or other business entity believed to be based in China or some other foreign country, authorized to do business in the County of Maricopa and State of Arizona, and was and is responsible for the planning, design, manufacture, assembly, production, ordering, importing, assembly, packaging, advertising, marketing, distribution, and sale of a hoverboard, its batteries and component parts (identified in this complaint), used by foreseeable family members, insureds, and consumers, in and around the home of Hussein Zeitoun aka Simon Zeitoun.  At all times material hereto, it planned, designed, manufactured, produced, ordered, imported, assembled, packaged, advertised, distributed, marketed, and sold a hoverboard, its batteries and component parts (identified in this complaint) and otherwise did business in Maricopa County and the State of Arizona.  It has caused events to occur in Maricopa County, Arizona, which form the basis of this lawsuit.

5.     Defendant LG Company, on information and belief, at all times material herein, was and is a foreign partnership, corporation, or other business entity believed to be based in Korea or some other foreign country, authorized to do business in the County of Maricopa and State of Arizona, and was and is responsible for the planning, design, manufacture, assembly, production, ordering, importing, assembly, packaging, advertising, marketing, distribution, and sale of a hoverboard, its batteries and component parts

1 (identified in this complaint), used by foreseeable family members, insureds, and consumers, in and around the home of Hussein Zeitoun aka Simon Zeitoun.  At all times material hereto, it planned, designed, manufactured, produced, ordered, imported, assembled, packaged, advertised, distributed, marketed, and sold a hoverboard, its batteries and component parts (identified in this complaint) and otherwise did business in Maricopa County and the State of Arizona.  It has caused events to occur in Maricopa County, Arizona, which form the basis of this lawsuit.

      6.      Defendant LG Schenzhen Technology Co. (China) Ltd., on information and belief, at all times material herein, was and is a foreign partnership, corporation, or other business entity believed to be based in China or some other foreign country, authorized to do business in the County of Maricopa and State of Arizona, and was and is responsible for the planning, design, manufacture, assembly, production, ordering, importing, assembly, packaging, advertising, marketing, distribution, and sale of a hoverboard, its batteries and component parts (identified in this complaint), used by foreseeable family members, insureds, and consumers, in and around the home of Hussein Zeitoun aka Simon Zeitoun.  At all times material hereto, it planned, designed, manufactured, produced, ordered, imported, assembled, packaged, advertised, distributed, marketed, and sold a hoverboard, its batteries and component parts (identified in this complaint) and otherwise did business in Maricopa County and the State of Arizona.  It has caused events to occur in Maricopa County, Arizona, which form the basis of this lawsuit.

      7.      Defendant LG Chem. Company (Korea) Ltd.,  on information and belief, at all times material herein, was and is a foreign partnership, corporation, or other business entity believed to be based in Korea or some other foreign country, authorized to do business in the County of Maricopa and State of Arizona, and was and is responsible for the planning, design, manufacture, assembly, production, ordering, importing, assembly, packaging, advertising, marketing, distribution, and sale of a hoverboard, its batteries and component parts (identified in this complaint), used by foreseeable family members, insureds, and consumers, in and around the home of Hussein Zeitoun aka Simon Zeitoun.  At all times

material hereto, it planned, designed, manufactured, produced, ordered, imported, assembled, packaged, advertised, distributed, marketed, and sold a hoverboard, its batteries and component parts (identified in this complaint) and otherwise did business in Maricopa County and the State of Arizona.  It has caused events to occur in Maricopa County, Arizona, which form the basis of this lawsuit.

8. Defendant LG Chem.Company (China) Ltd., on information and belief, at all times material herein, was and is a foreign partnership, corporation, or other business entity believed to be based in China or some other foreign country, authorized to do business in the County of Maricopa and State of Arizona, and was and is responsible for the planning, design, manufacture, assembly, production, ordering, importing, assembly, packaging, advertising, marketing, distribution, and sale of a hoverboard, its batteries and component parts (identified in this complaint), used by foreseeable family members, insureds, and consumers, in and around the home of Hussein Zeitoun aka Simon Zeitoun.  At all times material hereto, it planned, designed, manufactured, produced, ordered, imported, assembled, packaged, advertised, distributed, marketed, and sold a hoverboard, its batteries and component parts (identified in this complaint) and otherwise did business in Maricopa County and the State of Arizona.  It has caused events to occur in Maricopa County, Arizona, which form the basis of this lawsuit.

9. *Defendant Super Engine, on information and belief, at all times material herein, was and is a corporation, partnership, or other business entity authorized to do business in the County of Maricopa and State of Arizona, and was and is responsible for the production, ordering, importing, assembly, packaging, advertising, marketing, distribution, and sale of a hoverboard, its batteries and component parts (identified in this complaint), used by foreseeable family members, insureds, and consumers, in and around the home of Hussein Zeitoun aka Simon Zeitoun.  At all times material hereto, it produced, ordered, imported, assembled, packaged, advertised, distributed, marketed, and sold a hoverboard, its batteries and component parts (identified in this complaint) and otherwise did business in Maricopa County and the State of Arizona.  It has caused events*

1  *to occur in Maricopa County, Arizona, which form the basis of this lawsuit.*

2  10.    The true names, capacities, and/or relationships, whether individual, corporate, partnership, or otherwise, of JOHN DOES I through V and JANE DOES I through V, their respective wives, inclusive, and each of them, and BLACK PARTNERSHIPS I through V and WHITE CORPORATIONS I through V, are and were unknown to the plaintiff at the time of the filing of this Complaint and plaintiff, therefore, sues said defendants, and each of them, by said fictitious names and will ask leave of Court to amend this Complaint to show the true names, capacities, and/or relationships when the same have been ascertained and, therefore, allege that all of said fictitiously-named defendants were either joint tort feasors and/or jointly and severally legally responsible in some manner for the events and happenings herein and proximately caused the injuries and damages to plaintiff as hereinafter set forth.

11.    The jurisdictional minimum is satisfied and venue in this Court is proper.

12.    Inspection of the property and the evidence by Plaintiff and their experts, and further good faith investigation, indicated that, on information and belief, sometime before or during November 2015, ***Super Engine and Amazon.com, Inc.,*** produced, ordered, imported, assembled, packaged, advertised, distributed, marketed, and sold two hoverboards, and their batteries and component parts (identified in this complaint) to a known consumer and customer, a friend of the family of Hussein Zeitoun aka Simon Zeitoun, who after normal and reasonable use, a few months later, sold them to family members, insureds, and consumers in the Zeitoun household, who thereafter used them for a few hours for their advertised and intended purpose, in and around the home of Hussein Zeitoun aka Simon Zeitoun. While the two hoverboards, and their batteries and component parts were being charged, in a bedroom of the minor children of insured Hussein Zeitoun aka Simon Zeitoun, on or about June 23, 2016, the hoverboards, and their batteries and component parts, suddenly and unexpectedly exploded, failed, and/or burst into flames, causing the children to immediately escape the bedroom and the family to evacuate the home. The explosions, failure, and bursting into flames caused a fire which severely damaged and destroyed the home, its contents, real property, personal property, and caused loss of use, caused the need

1  for substitute housing, and caused other damages and losses, in spite of the family timely
2  calling 911, and in spite of the fire department's best efforts to extinguish the fire and
3  safeguard the home and property. Plaintiff State Farm Fire and Casualty Company, pursuant
4  to its duties and obligations arising out of their insurance policy, paid for the investigation
5  and damages outlined above, and such further damages as will be proven at trial.

6   13.   That all of the named defendants, and each of them, committed the acts and
7  omissions outlined in this complaint, and continued to do so, up to and including the sale and
8  delivery date in November 2015, when they knew or should have known that the
9  hoverboards, the batteries and component parts (identified in this complaint) were defective,
10 unreasonably dangerous, contained substandard and inferior batteries and component parts,
11 contained counterfeit/fake substandard and inferior batteries and component parts, were a fire
12 hazard, were an explosive hazard, were not properly designed or built or tested, were not UL
13 (Underwriters Laboratories) tested or approved, did not comply with standard UL2272. That
14 all of the named defendants, and each of them, committed the acts and omissions outlined in
15 this complaint, and continued to do so, up to and including the sale and delivery date in
16 November 2015, when they knew or should have known that the hoverboards, the batteries
17 and component parts (identified in this complaint) were exploding, were causing fires, were
18 causing death, were causing  destruction of property, were recalled/banned by makers,
19 retailer, sellers, distributors and marketers, were banned or declared dangerous or unsafe or
20 recalled by U.S. federal (including the Consumer Product Safety Commission), state and
21 local governments and by international  governments, were banned or prohibited by airlines,
22 and were banned or prohibited by schools and colleges (including student housing).

23  14.   Inspection of the property and the evidence by Plaintiff and their experts, and
24 further good faith investigation,  indicated that the Defendants  WallyGadgets,  Shenzhen Bo
25 Rui Ze Technology Co.(China), Ltd, LG Company, LG Schenzhen Technology Co. (China)
26 Ltd, LG Chem. Company (Korea) Ltd., and LG Chem.Company (China) Ltd., on information
27 and belief, planned, designed, manufactured, produced, ordered, imported, assembled,
28 packaged, advertised, distributed, marketed, and sold the hoverboards, their batteries and

component parts (identified in this complaint), and they were defective, explosive, unreasonably dangerous, had inadequate warnings, contained hidden and unknown dangers to consumers and users, and were negligently and unlawfully planned, designed, made, built, produced, ordered, imported, advertised, distributed, assembled, marketed and sold, thereby causing and resulting in the fire and damages claimed in this action.

15. Inspection of the property and the evidence by Plaintiff and their experts, and further good faith investigation, indicated that the hoverboards, their batteries and component parts (identified in this complaint), were planned, designed, manufactured, produced, ordered, imported, assembled, packaged, advertised, distributed, marketed, and sold by all the defendants as including and containing name brand, reliable, safe, tested, trusted, and well regarded batteries and components, including but not limited to, Samsung batteries, however, these representations were false, misleading, deceptive, untrue, reckless and outrageous. Instead, the defendants sold and delivered batteries and components that were from a different, substandard, maker, and were undesirable, unreliable, unsafe, untested, dangerous, defective, and explosive.

## COUNT I (Strict Liability)

16. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further allege as follows.

17. Defendants were and are engaging in the business of planning, designing, manufacturing, producing, assembly, testing, inspecting, marketing, distributing, and selling the hoverboards, their batteries and component parts (identified in this complaint). The hoverboards, their batteries and component parts (identified in this complaint) were expected to and did reach consumers in Arizona without substantial change in the condition in which they were sold.

18. The hoverboards, their batteries and component parts (identified in this complaint) therein were in a defective condition, and unreasonably dangerous to users, when they left Defendants' possession or control.

19. Arizona consumers used the hoverboards, their batteries and component parts

(identified in this complaint) therein in a manner and for a purpose which was and is foreseeable by Defendants.

20. Defendants failed and continued to fail to provide consumers, either directly or indirectly, with adequate or sufficient warnings regarding the known or foreseeable risks and dangers inherent to the hoverboards, their batteries and component parts (identified in this complaint).

21. As a direct and proximate result of the defective condition of the hover board and the battery therein, Plaintiff has been damaged.

## COUNT II (Negligence)

22. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

23. Defendants failed to exercise reasonable care with respect to the planning, design, development, manufacture, assembly, production, testing, inspection, marketing and sale of the hoverboards, their batteries and component parts (identified in this complaint).

24. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged.

## COUNT III (Breach of Express Warranties)

25. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

26. Defendants *(other than Amazon.com, Inc.)* have breached express warranties to consumers in that the hoverboards, their batteries and component parts (identified in this complaint) did and do not perform as expressly represented by Defendants *(other than Amazon.com, Inc.)*.

27. As a result of the *aforementioned* Defendants' breach of express warranties, Plaintiff has been damaged.

## COUNT IV (Breach of Implied Warranties

28. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

29.     To the extent that the hoverboards, their batteries and component parts (identified in this complaint) was a source of the fire and dangerous and defective, Defendants *(other than Amazon.com, Inc.)* have breached the implied warranty of merchantability in that the hover board and the battery therein are defective and not fit for the ordinary purposes for which they are sold, distributed and advertised.

30.     To the extent that the hoverboards, their batteries and component parts (identified in this complaint) were a source of the fire and dangerous and defective,, Defendants *(other than Amazon.com, Inc.)* have breached the implied warranty of fitness for a particular purpose in that the hoverboards, their batteries and component parts (identified in this complaint) are defective and not fit for the purposes for which they are sold, distributed and advertised.  Defendants *(other than Amazon.com, Inc.)* were aware of the particular purposes for which the hoverboards, their batteries and component parts (identified in this complaint) were intended and Arizona consumers relied and continue to rely upon Defendants' *(other than Amazon.com, Inc.)* skill and judgment in deciding to purchase the hover board and the battery therein.

31.     To the extent that the hoverboards, their batteries and component parts (identified in this complaint) were a source of the fire, and dangerous and defective, as a result of *the aforementioned* Defendants' breach of implied warranties, Plaintiff has been damaged.

## COUNT V (Negligent Misrepresentation)

32.     Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

33.     Defendants, and each of them, involving the product the hoverboards, their batteries and component parts (identified in this complaint) planned, designed, made, assembled, distributed, marketed and sold to the consumers and owners and users of the product:

a) Provided Plaintiffs and their insureds and users and purchasers and consumers false or incorrect information, or omitted or failed to disclose material information;

b) Intended that Plaintiffs and their insureds and users and purchasers and consumers rely upon information provided and defendants provided it for that purpose:

c) Failed to exercise reasonable care or competence in obtaining or communicating the information;

d) Plaintiffs and their insureds and users and purchasers and consumers relied upon the information;

e) Plaintiffs and their insureds and users and purchasers and consumers reliance was justified;

f) As a result of the negligent misrepresentations Plaintiffs and their insureds and users and purchasers and consumers were damaged and injured.

## COUNT VI (Consumer Fraud)

34. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here and further alleges as follows.

35. Defendants, and each of them, involving the product hoverboards, their batteries and component parts (identified in this complaint) planned, designed, made, assembled, distributed, marketed and sold to the consumers and owners and users of the product:

a) Used deception, used a deceptive act or practice, used fraud, used false pretense, made a false promise, made a misrepresentation, or concealed, suppressed or omitted a material fact in connection with the sale or advertisement of merchandise;

b) Intended that others rely upon the Defendants' unlawful practices of deception, deceptive acts or practices, fraud, false pretenses, false promises, misrepresentations, concealment, suppression, and/or omission of materials facts;

c) The Plaintiffs and their insureds and users and purchasers and consumers of the products hoverboards, their batteries and component parts (identified in this complaint) suffered damages as a result of relying on the defendant's unlawful practice;

    d) That a violation of the Arizona Consumer Fraud Statute, ARS 44-1521 et seq. and related statutory and common law provisions, caused damages and injuries to the Plaintiffs and its insureds and consumers and users of the product of the type and in the amounts to be proven at trial.

    e) That the purpose of the Act is to provide a remedy for injured consumers who need such protection to counteract the disproportionate bargaining power which is typically present in consumer transactions.

COUNT VII (Aiding and Abetting)

36. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein and further alleges as follows:

37. ***Super Engine and the*** Amazon Defendants, identified above, and each of them, involving the product hoverboards, their batteries and component parts (identified in this complaint) and the fire, as to the other defendants' torts committed that caused injury to the Plaintiff:

    a) Knew or should have known that the other defendants and tortfeasors' conduct constituted a breach of duty;

    b) Substantially assisted or encouraged the other defendants and tortfeasors in the achievement of their breaches of duty;

    c) As a result of the aiding and abetting by ***Super Engine and*** the Amazon defendants, Plaintiffs suffered the damages outlined in this suit.

WHEREFORE, Plaintiff prays for the following:

    1. Compensatory damages in an amount to be determined at trial;

    2. Special damages in an amount to be determined at trial;

    3. Pre-judgment interest on all special, known, and liquidated damage claims;

    4. Attorney's Fees and Costs pursuant to ARS 12-341, 12.341.01, and 44-1521 and other applicable law and statute;

    5. All other relief the Court deems just and proper.

///

DATED this 19th day of September, 2017.

**THE MOULTON LAW FIRM, P.C.**

By: /s/ *Timothy L. Moulton*
    Timothy L. Moulton
    6401 E. Thomas Rd., Suite 101
    Scottsdale, Arizona 85251
    *Attorneys for Plaintiff*