1  WO
2
3
4
5
6  **IN THE UNITED STATES DISTRICT COURT**
7  **FOR THE DISTRICT OF ARIZONA**
8

| State Farm Fire and Casualty Company, | No. CV-17-01994-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Amazon.com Incorporated,<br>Wallygadgets (China),<br>Shenzhen Bo Rui Ze Technology Company (China),<br>LG Shenzhen Technology Company (China),<br>LG Company (Korea),<br>LG Chem Company (Korea),<br>LG Chem (China), and<br>Super Engine,<br>Defendants. | |

This case was filed on June 23, 2017. On July 31, 2017, this Court issued an order requiring service on all Defendants by September 21, 2017. The Court also required Plaintiff to file a status report regarding service. On August 1, 2017, Plaintiff filed the status report. (Doc. 21). Regarding the Defendants located in China, Plaintiff stated,

> Plaintiff has contacted an expert in foreign service, Rick Hamilton of ABC Legal and he has reported the following: his company, as well as other foreign service companies, are having problems with China. He has not received a complete service request from China in two (2) years. However, he indicates that Article 15 of the Hague Convention allows the court to move forward with the case even if proof of service has not been provided by the Chinese authorities. Plaintiff's counsel hereby seeks leave of the Court to lodge for the Court's consideration an order pursuant to Article 15 of the Hague Convention. Plaintiff's counsel will have Mr. Hamilton

continue to monitor the situation involving China and let Plaintiff's counsel know if the situation changes.

(Doc. 21).

The Court is unclear why leave of Court was required to "lodge for the Court's consideration an order pursuant to Article 15 of the Hague Convention." Nonetheless, the Court gave such permission on August 7, 2017.

On September 19, 2017, (two days before the deadline to COMPLETE service), Plaintiff filed a request for extension of time to serve the Defendants located in China, stating:

> Due to the high cost of service in China, prior to expending the money for service in China, Plaintiff's counsel requests an order from this Court extending the deadline for service in China to April 18, 2017 (6 months pursuant to Article 15 of the Hague Convention and an additional month to allow for this motion to be ruled upon), and that if no certificate of service or delivery can be obtained by that date, that the Court pursuant to Article 15 of the Hague Convention will enter an order that the Chinese entities are deemed served.

(Doc. 31).

On September 20, 2017, this Court denied the motion for extension of time, stating:

> Plaintiff has filed a motion for a 7 month extension of time to serve the Defendants in China. Plaintiff's motion does not address what efforts Plaintiff has taken in the 90 days since this case was filed to complete service.
> Further, Plaintiff's motion states that "prior to expending money for service in China" but also states "if no certificate of service or delivery can be obtained". (Doc. 31 at 2). These two phrases taken together seem to imply both that Plaintiff will, and will not, attempt service in the requested 7 months.
> Finally, Plaintiff states in 7 months this Court shall enter an Order under Article 15 of the Hague Convention that deems the defendants in China to be served. However, Plaintiff's own recounting of what is required by the Hague Convention states "a period of not less than six months,… has elapsed since the date of transmission of the document;" (Doc. 31 at 2). Plaintiff's motion does not advise the Court when the document was transmitted such that these six months could begin running.

(Doc. 37).

Following the September 20, 2017 Order, Plaintiff did nothing and the September 21, 2017 deadline to serve passed. On September 29, 2017, this Court issued an Order to show cause (by October 5, 2017) why the Defendants located in China should not be

- 2 -

dismissed for failure to timely serve. (Doc. 42). On October 5, 2017, Plaintiff responded to the Order to Show Cause and stated:

> Because this Court denied the motion [to extend time], and due to the great cost for even attempting service in China, before undertaking this process, Plaintiff's counsel wanted to make sure that the Court would extend the deadline for service and would consider deeming the Chinese Defendants served after the period of time required pursuant to Article 15 of The Hague Convention. Undersigned counsel did not want to waste his client['s] money on a possible service method that he reasonably knew would not be able to be completed within the service deadline. If this Court will kindly reconsider reasonably extending the deadline for service for an additional eight (8) months (2 months to have the documents translated and served/communicated, and 6 months for them to be with the Chinese authorities before this Court can deem them served pursuant to Article 15 of the Hague Convention), then Plaintiff's counsel will move forward and pay the cost to reasonably attempt to have the Chinese entities served-- and will file with the Court a Notice letting the Court know when the 6 months begins to run for purposes of Article 15 of the Hague Convention. Respectfully, Plaintiff in good faith believes that it has shown good cause that these Chinese defendants should not be dismissed and that the deadline for service upon them should be extended. …

(Doc. 48).

Based on these multiple efforts by the Court to have Plaintiff clarify how it intends to accomplish service in China, the Court has deduced the following: 1) Plaintiff intends to attempt formal service of process in China; 2) if Plaintiff does not receive proof of service, Plaintiff intends to "count" this attempted formal service as "transmittal" of the documents as required in Article 15 of the Hague Convention; 3) Plaintiff has not even begun the process of attempting formal service/transmittal of the documents; 4) once the documents are served/transmitted, another six months must elapse before a Hague Convention motion can actually be filed; and 5) Plaintiff will not even attempt service unless and until this Court issues an advance opinion promising to enter a the Hague Convention motion when it is filed in the future.

Thus, to summarize the proceedings to date regarding serving the Defendants located in China: 1) from whenever Plaintiff became aware of this case (at the latest the filing of the complaint on June 23, 2017) until August 1, 2017, Plaintiff made one phone call to inquire how to accomplish service in China; 2) from August 1, 2017 until September 19, 2017, Plaintiff did nothing; 3) from September 20, 2017 (the denial of the

request for extension of time) to October 5, 2017 (the Court's deadline for the show cause response) Plaintiff did nothing; and 4) presumably Plaintiff still has taken no action to begin service in China.

Preliminarily, the Court does not find diligence on Plaintiff's part in attempting service in this case. Other than responding to Court orders, since June 23, 2017, all Plaintiff has done is made one phone call asking how to serve in China. Indeed, in Plaintiff's most recent request to extend time to serve, Plaintiff has increased the additional time needed from 7 months to 8 months, because Plaintiff has not had the documents translated to Chinese yet and needs an additional month to do so.

Moreover, Plaintiff's position that it will not undertake service unless the Court issues an advance advisory opinion that it will enter a Hague Convention motion is inappropriate. There was no reason that between June 23, 2017, and today Plaintiff could not have attempted formal service in China. If such attempt had been made, Plaintiff could have moved for more time to receive a proof of service back from China, or to allow the six months required by the Hague Convention to run. In other words, Plaintiff never needed an extension of time to **serve**; Plaintiff perhaps would have needed an extension of time to obtain a proof of service. Thus, given that Plaintiff has used all of its original time to serve to do nothing, the Court is not inclined to grant additional time to serve. Further, on this record, the Court is concerned that all that will happen 8 months from now is a further motion for extension of time because Plaintiff encountered some new obstacle that it failed to advise the Court of until it was out of time.

Additionally, the Hague Convention has very specific requirements for how service must have been attempted for service to be deemed completed in six months. Obviously before service is even attempted, the Court would have no ability to rule in advance that a Hague Convention motion would be well taken as the Court does not know if the specific requirements will have been met.

Although Plaintiff has shown no cause for needing an extension of time to serve (instead hypothesizing that Plaintiff will likely need an extension of time to obtain a

1  proof of service or, failing that, an extension of time to deem service completed without a
2  proof of service), and although Plaintiff has failed to cite any law supporting its argument
3  for seeking more time, the Court will nonetheless consider whether more time should be
4  granted. While the Court notes that time limits of Federal Rule of Civil Procedure 4(m)
5  do not apply to service in a foreign county, this Court may nonetheless set a reasonable
6  deadline for service in a foreign country to manage its cases. *See Inst. of Cetacean
7  Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1319 (W.D. Wash.
8  2015). In this case, as discussed above, the Court set a 90 day deadline.

9  Plaintiff has never argued that the deadline set by the court was unreasonable.
10 Instead Plaintiff argued that service in China was very expensive and likely to be
11 unsuccessful. For the reasons discussed above, the Court does not find either argument to
12 be good cause for why service has not yet been attempted.

13 Because service is not governed by Rule 4(m), it is instead governed by this
14 Court's Order. For the Court to dismiss the Defendants located in China for failure to
15 comply with a Court Order, the Court must consider the factors in *Henderson v. Duncan*,
16 779 F.2d 1421, 1423 (9th Cir. 1986). The factors are:

17  (1) the public's interest in expeditious resolution of litigation;
18  (2) the court's need to manage its docket;
19  (3) the risk of prejudice to the defendants;
20  (4) the public policy favoring disposition of cases on their merits and
21  (5) the availability of less drastic sanctions.
22 *Id*.

23 Under Plaintiff's currently pending request, Plaintiff seeks approximately one year
24 to serve. This is not expeditious. As discussed above, the Court set the deadline with
25 which Plaintiff failed to comply because the Court cannot have this case open forever
26 with no service. The risk of prejudice to the existing defendants is high because they will
27 have to repeat the discovery they have already begun to undertake if the new Defendants
28 eventually appear. Moreover, the Defendants in China, to date, have no notice of this

litigation and would not have been preserving documents relevant to their defense. The public policy in favor of disposing of cases on their merits typically favors not dismissing; however, this case will reach the merits in some respects because there are other defendants in the case. Further, Plaintiff is seeking an additional 8 months to serve so it can ultimately default the Defendants in China, which is also not a merits resolution.

As to less drastic sanctions, Plaintiff's own inactions have made this near impossible. For example, the Court cannot simply order service to begin within two weeks because Plaintiff has not even had the relevant documents translated. Further, Plaintiff has not advised whether it has engaged a process server who could begin immediately once translation was complete. Thus, Plaintiff's total inaction in the 3.5 months since this case was filed has thwarted the opportunity for a brief extension of time as a less drastic sanction to dismissal. However, the Court will dismiss without prejudice.

Based on the foregoing, the Court finds all factors favor dismissal. Accordingly, because Plaintiff has failed to show good cause or excusable neglect to extend time to serve, and has failed to show cause why Plaintiff failed to comply with a Court Order,

**IT IS ORDERED** that the Defendants located in China (specifically: (1) Wallygadgets; (2) Shenzhen Bo Rui Ze Technology Company (China) Limited; (2) LG Shenzhen Technology Company (China) Limited; and (4) LG Chem (China) Limited) are dismissed, without prejudice, for failure to serve in accordance with this Court's orders.

**IT IS FURTHER ORDERED** that, there being no just reason for delay, the Clerk of the Court shall enter judgment, dismissing these 4 Defendants (only) without prejudice.

Dated this 11th day of October, 2017.

James A. Teilborg
Senior United States District Judge