WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire and Casualty Company, | No. CV-17-01994-PHX-JAT |
| Plaintiff, | **ORDER Re: STATUS** |
| v. | |
| Amazon.com Incorporated, et al., | |
| Defendants. | |

As of the Fourth Amended Complaint (Doc. 72) the following Defendants were named in this case:
- Amazon.com Inc.
- LG Company (Korea)
- LG Chem Company (Korea)
- Super Engine
- EasyCredit Trade Hongkong Co., Limited d/b/a Super Engine
- Various Fictitious Defendants.

Defendant Amazon.com Inc. has answered and moved to dismiss. (Docs. 74 and 75). Discovery is ongoing as to this Defendant.

Service on Defendant LG Company (Korea) was due by March 5, 2018. (Doc. 57). As the Court noted in its October 26, 2017 Order, a proof of service was required to be filed by March 6, 2018. (Doc. 57). No proof of service has been filed for Defendant LG Company (Korea). Accordingly, by this Order, this Defendant will be dismissed.

A proof of service for Defendant LG Chem Company (Korea) was filed on March 5, 2018, showing service was accomplished on November 22, 2017. (Doc. 80). Plaintiff must prosecute this case against this Defendant. *See* LR Civ. 41.1; Fed. R. Civ. P. 41(b).

Plaintiff added Defendant Super Engine in the Third Amended Complaint. (Doc. 33). Prior to filing the Fourth Amended Complaint, Plaintiff suggested Super Engine was not a real entity, but instead only a d/b/a. Specifically, Plaintiff stated "Plaintiff subsequently learned … that the legal name for Super Engine is EasyCredit Trade HongKong Co., Limited." (Doc. 69). Nonetheless, Plaintiff renamed Defendant Super Engine as a separate Defendant in the Fourth Amended Complaint. (Doc. 72). The Court can locate no record that Defendant Super Engine was served within the time limits of Federal Rule of Civil Procedure 4(m), specifically by December 19, 2017.[1] Plaintiff will be required to show cause why Defendant Super Engine should not be dismissed.

Service on Defendant EasyCredit Trade Hongkong, Co., Limited d/b/a Super Engine is due by March 22, 2018. (Doc. 71). If Plaintiff fails to file a proof of service, this Defendant will be dismissed.

The Federal Rules of Civil Procedure do not permit the use of fictitious defendants. *See, e.g.*, Fed. R. Civ. P. 10(a); *Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir.), *cert. denied*, 396 U.S. 987 (1969); *Molnar v. Nat'l Broadcasting Co.*, 231 F.2d 684, 686-

---

[1] The last update the Court can locate on service for Defendant Super Engine is the following statement from the Rule 26(f) case management plan:

> Plaintiff amended the Complaint to add the entity identified as "the seller" by Defendant Amazon.com, Inc. This party's name is Super Engine. Plaintiff attempted to serve Super Engine at both the Iowa and California addresses provided by Defendant Amazon.com, Inc. Neither address was a valid address for Super Engine. Defendant Amazon.com, Inc.'s counsel also indicated that their own research found that Super Engine in a Chinese entity named EASYCREDIT TRADE HONGKONG CO., LIMITED. The resident at the California address also indicated that he had no knowledge of EASYCREDIT TRADE HONGKONG CO., LIMITED. Plaintiff is amending the Complaint to add EASYCREDIT TRADE HONGKONG CO., LIMITED, dba Super Engine as a party. Plaintiff seeks the Court's permission to file an Amended Complaint to add this party and have them served.

(Doc. 58 at 12).

| | |
|---|---|
| 1 | 87 (9th Cir. 1956). Therefore all fictitious Defendants will be dismissed. |
| 2 | Based on the foregoing, |
| 3 | **IT IS ORDERED** that Defendant LC Company (Korea) is dismissed, without |
| 4 | prejudice, for failure to serve. |
| 5 | **IT IS FURTHER ORDERED** that all fictitious defendants are dismissed, |
| 6 | without prejudice. |
| 7 | **IT IS FURTHER ORDERED** that by March 23, 2018, Plaintiff shall show cause |
| 8 | why Defendant Super Engine should not be dismissed for failure to serve. |
| 9 | Dated this 8th day of March, 2018. |

*James A. Teilborg*
Senior United States District Judge