Daniel J. O'Connor, Jr., Bar No. 010081
Karen J. Stillwell, Bar No. 022711
**O'CONNOR & CAMPBELL, P.C.**
7955 South Priest Drive
Tempe, Arizona  85284
daniel.oconnor@occlaw.com
karen.stillwell@occlaw.com
(602) 241-7000

Attorneys for Defendant LG Chem, Ltd.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation,<br><br>             Plaintiff,<br><br>   vs.<br><br>AMAZON.COM, INC., a Delaware corporation; LG COMPANY (KOREA) a foreign partnership, corporation, or other business entity; LG CHEM COMPANY (KOREA), a foreign partnership, corporation, or other business entity; SUPER ENGINE, a corporation, partnership, or other business entity; EASYCREDIT TRADE HONGKONG CO., LIMITED dba SUPER ENGINE, a foreign corporation, partnership, or other business entity; JOHN DOES and JANE DOES I-V, husbands and wives; BLACK PARTNERSHIPS I-V; and WHITE CORPORATIONS I-V,<br><br>             Defendants. | Case No.: 2:17-cv-01994-JAT<br><br>**DEFENDANT LG CHEM, LTD.'s MOTION TO DISMISS** |

Defendant LG Chem, Ltd. ("LG Chem")[1] submits this Motion to Dismiss pursuant to Rule 41(b) and Rule 12(b), Fed. R. Civ. P. Plaintiff State Farm Fire and Casualty Company ("Plaintiff") attempted service of its outdated Summons and Complaint on LG Chem, but it failed in several respects. Therefore, LG Chem should be dismissed from this lawsuit. This Motion is supported by the following Memorandum of Points and Authorities.

**Memorandum of Points and Authorities**

Under Rule 41(b), "If a plaintiff fails to prosecute or to comply with these rules *or a court order*, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41. (Emphasis added). Here, Plaintiff clearly violated the Court's Order, dated October 26, 2017. (Doc. No. 57). In that Order, the Court required Plaintiff to serve "the Defendants located in Korea" with the operative Complaint by March 5, 2018, and file proof of service no later than March 6, 2018.

At the eleventh hour, on March 5, 2018, Plaintiff filed a Certificate of Service, **inaccurately** notifying the Court it had perfected service upon "Defendant LG Chem Company (Korea)" on November 22, 2017. (Doc. No. 80, 80-1). On March 8, 2018, the Court dismissed Plaintiff's lawsuit against LG Company (Korea) for lack of service, but noted that a proof of service was filed for LG Chem Company (Korea) and directed Plaintiff to prosecute this case against LG Chem. (Doc. No. 81). However, Plaintiff failed to notify the Court that it **improperly** served LG Chem with the Summons and Second Amended

---

[1] LG Chem, Ltd. was improperly named as LG Chem Company (Korea) in Plaintiff's Second Amended Complaint.

Complaint *from the state court proceedings, with no notification to defendant the case was actually removed to District Court.*

## I. PROCEDURAL BACKGROUND

On May 22, 2017, Plaintiff filed a Complaint in Maricopa County Superior Court (CV2017-008470) against numerous defendants. On June 7, 2017, Plaintiff filed a First Amended Complaint. On June 23, 2017, Plaintiff filed a Second Amended Complaint. On that same date, on June 23, 2017, the Superior Court matter was removed to U.S. District Court.

On July 31, 2017, the District Court Ordered Plaintiff to submit a report regarding the status of service.[2] (Doc. No. 19). On August 7, 2017, the Court extended the deadline to serve LG Chem until October 23, 2017. (Doc. No. 22). On **September 11, 2017**, *although there was no active Superior Court case for nearly three months and the case had been removed to federal court,* Plaintiff sent the Second Amended Complaint filed in the Maricopa County Superior Court to Korea to be served on defendant LG Chem. (Doc. No. 80-1). In its transmittal, there was no mention of the case removal to District Court or the pending District Court case. The following week, on September 19, 2017, Plaintiff filed a Third Amended Complaint in District Court, which was not transmitted or sent to be served to LG Chem. (Doc. No. 33). On October 26, 2017, the Court again granted Plaintiff additional time to serve LG Chem until March 5, 2018. (Doc. No. 57). However, the Court clearly directed Plaintiff to serve LG Chem with the **operative Complaint** in this case.

---

[2] On August 1, 2017, Plaintiff submitted a status report to the Court regarding service. (Doc. No. 21). Plaintiff made no attempts to serve Defendants in Korea from May 22, 2017 through August 1, 2017. When Plaintiff finally first attempted service on September 11, 2017, it was rejected by Korean authorities because Plaintiff improperly attempted to serve Defendants with the original Complaint and not the Amended Complaint. (Doc. No. 54, 56).

Indeed, as set forth in the October 26, 2017 Order, the Court found:

> Plaintiff has not been exercising diligence in serving the various Defendants located in foreign countries…. service was rejected by the Korean authorities because Plaintiff transmitted the original complaint, not the amended complaint. However, in reality, **the operative complaint in this case is actually the Third Amended Complaint.** Plaintiff has not shown good cause or excusable neglect explaining which of the four versions of the complaint was actually sent and why Plaintiff did not send the correct version. (Emphasis added). (Doc. No. 57.)

On December 22, 2017, Plaintiff filed a Fourth Amended Complaint with the District Court. (Doc. No. 72). However, again, Plaintiff did not transmit or send this operative Complaint to be served upon LG Chem. Instead, despite this Court's October 26, 2017 Order that defendant LG Chem be served with the operative Complaint, LG Chem was instead served on November 22, 2017 with a Second Amended Complaint, which had long been amended and removed from the Superior Court to District Court. (Doc. No. 80, 80-1). In addition, Plaintiff served a Summons, dated May 22, 2017, from the Superior Court, which no longer had jurisdiction over the litigation. (Doc. No. 80, 80-1). This service is insufficient without notice of the federal court proceeding. Moreover, this service does not comply with the Court's October 26, 2017 Order that defendant be served with the *operative Complaint*.

## II.   LEGAL ANALYSIS

### A. DISMISSAL IS APPROPRIATE PURSUANT TO RULE 41, FED. R. CIV. P.

Plaintiff failed to follow the Court's Order that it serve LG Chem with the operative Complaint. Since this matter was removed to District Court, Plaintiff was granted two (2) additional extensions of time to serve LG Chem; however, it still failed to properly serve LG Chem. Instead, Plaintiff improperly represented to

this Court that it had complied with this Court's Order and properly served LG Chem, when in fact, it failed to do so. Accordingly, dismissal is appropriate pursuant to Rule 41(b), Fed. R. Civ. P.

## B. DISMISSAL IS APPROPRIATE PURSUANT TO RULE 12(B), FED. R. CIV. P.[3]

Plaintiff attempted service on defendant LG Chem with an outdated and inoperative Second Amended Complaint, and a Summons from a court in which there is no active case. Plaintiff failed to serve LG Chem with a federal summons even though the matter had been pending before the District Court for over three (3) months. Plaintiff failed to serve LG Chem with the operative Complaint as directed by this Court. Finally, Plaintiff provided no notice to LG Chem this matter had been removed and was pending in District Court.

"[W]here the defendant has never been put on notice of the state court proceeding prior to removal . . . the federal court cannot 'complete' the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The state court process becomes null and void on the date the action is removed to the federal court." *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967) *see also Dean Marketing, Inc. v. AOC Intern. (U.S.A.) Ltd.,* 610 F. Supp. 149, 152 (E.D. Mich. 1985) (holding that under section 1448, following removal, "service of process must be accomplished according to federal procedure"); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962) (upon proper petition for removal, state court loses jurisdiction and all further process must issue from the federal court).

---

[3] If the Court rules that Plaintiff may proceed in its lawsuit against defendant LG Chem, Ltd., LG Chem, Ltd. preserves any and all defenses and arguments for a subsequent Motion to Dismiss pursuant to Rule 12(b), Fed. R. Civ. P.

In *Beecher*, the Ninth Circuit Court of Appeals discussed 28 U.S.C. § 1148, separating three situations and fulfilment of service thereunder:

1. where a defendant has not been served at all with state process prior to removal;

2. where a defendant has been served prior to removal but the service has not been perfected in accord with state law at the date of removal;

3. where a defendant has been served prior to removal but the summons contains some formal defect on its face.

381 F.2d at 373. Here, Plaintiff did not attempt to serve defendant LG Chem prior to the removal. Instead, months after the removal, Plaintiff served the Second Amended Complaint and the state court Summons. Nothing prevented Plaintiff from serving defendant LG Chem under the federal court's new summons, even at the time of Plaintiff's initial attempted service, since the case had already been removed to federal court and, notably, Plaintiff never attempted service prior to the case removal to federal court.  Plaintiff improperly represented to this Court that Plaintiff complied with the Court's Order to properly serve LG Chem with the operative Complaint. It never occurred, and Plaintiff knows it failed in its attempted service.

### III.   CONCLUSION

For the reasons discussed above, LG Chem respectfully requests that the Court dismiss Plaintiff's claims against LG Chem in their entirety, with prejudice.

Dated this 13th day of March, 2018.

**O'CONNOR & CAMPBELL, P.C.**

By: */s/ Karen J. Stillwell*
    Daniel J. O'Connor, Jr.
    Karen J. Stillwell
    Attorneys for Defendant LG Chem, Ltd.

## **CERTIFICATE OF FILING**

I hereby certify that on March 13, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Timothy Moulton
The Moulton Law Firm, P.C.
6401 E. Thomas Rd., Suite 101
Scottsdale, AZ 85251
Attorney for Plaintiff

Scott McClure
Amy R. Levine
LEWIS BRISBOIS BISGAARD & SMITH LLP
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Attorneys for Defendant Amazon.Com, Inc.

 /s/ Amanda Bennett