**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire and Casualty Company, | No. CV-17-01994-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Amazon.com Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint ("Motion to Dismiss"), (Doc. 74).[1] Plaintiff has responded ("Response"), (Doc. 76), and Defendant has replied ("Reply"), (Doc. 77).

## I. Background

The Court assumes that the facts alleged in the Fourth Amended Complaint ("FAC"), (Doc. 72), are true for purposes of deciding the pending Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In November of 2015, a family friend of Hussein Zeitoun purchased two hoverboards from Super Engine, Easycredit Trade Hongkong Co., limited dba Super Engine, and Amazon.com, Inc. (FAC ¶ 9). After several months, this purchaser then sold the hoverboards to the Zeitoun family. (*Id.*) On June 23, 2016, while the hoverboards' batteries were charging, they suddenly and unexpectedly exploded. (*Id.*) This explosion started a fire in the Zeitoun's home and

---

[1] Defendant's Motion to Dismiss is styled as a motion to dismiss the entirety of the Fourth Amended Complaint, but in actuality, only targets Counts Five, Six, and Seven of the Fourth Amended Complaint. (Doc. 74 at 3–6).

caused severe damage. (*Id.*) State Farm Fire and Casualty Company ("Plaintiff") paid for the Zeitouns' investigation and damages, (*id.*), which amounted to $433,710.37. (*Id.* ¶ 1). Accordingly, Plaintiff, as the subrogee of the Zeitouns, brings this claim. (*Id.*) Plaintiff alleges that Defendants knew or should have known that the batteries were defective[2] and that they continued to use these defective batteries up to and including the sale and delivery date in November 2015. (*Id.* ¶ 10). Additionally, Plaintiff alleges that Defendants represented that Samsung manufactured the batteries used in the hoverboards and that "these representations were false, misleading, deceptive, untrue, reckless and outrageous." (*Id.*)

On December 22, 2017, Plaintiff filed its FAC alleging seven counts of liability against Defendants: Strict Liability, Negligence, Breach of Express Warranties, Breach of Implied Warranties, Negligent Misrepresentation, Consumer Fraud, and Aiding and Abetting. (FAC at 7–11).

**II. Motion to Dismiss**

Defendant Amazon.com, Inc. ("Defendant") now moves to dismiss three of these seven counts from the FAC for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 74 at 3–6). Defendant argues that subsequent purchasers may not bring a claim under the Arizona Consumer Fraud Act ("CFA"), that Defendant owed no duty that could support a negligent misrepresentation claim, and that Plaintiff has not sufficiently pleaded aiding and abetting. (*Id.*)

**A. Legal Standard**

The Court may grant a motion to dismiss a complaint for failure to state a claim if it either lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A

---

[2] Plaintiff alleges, among other things, that the batteries were "defective, unreasonably dangerous, contained substandard and inferior batteries and component parts, contained counterfeit/fake substandard and inferior batteries and component parts, were a fire hazard, were an explosive hazard, were not properly designed or built or tested, were not UL (Underwriters Laboratories) tested or approved, [and] did not comply with standard UL2272." (*Id.*).

complaint that satisfies Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," is sufficient to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 "does not require 'detailed factual allegations,'" it does require "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In other words, the complaint must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.*; *see also Twombly*, 550 U.S. at 555 n.3 (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."). A complaint shows facial plausibility when it pleads factual content that allows the court to draw reasonable inferences as to the defendant's liability. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). But, when "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 556 U.S at 678 (quoting *Twombly*, 550 U.S. at 557).

Finally, the Court must accept as true all well-pleaded factual allegations in the Complaint. *Id.* at 679. However, pleadings that offer no more than legal conclusions are not entitled to the same assumption of truth. *Id.*

### B. Consideration of the Exhibits Attached to the Response

The Court must first determine whether it can consider the Response's exhibits. (Response at Exs. A, B). Plaintiff relies on Exhibit A, an Amazon receipt for the purchase of two hoverboards, to illustrate that Defendant made false representation about the brand of battery used in the hoverboards. (Response at 7). Plaintiff relies on Exhibit B, an article about Amazon refunding hoverboard owners, to demonstrate that "[t]here are numerous fires throughout the country involving the same product, numerous lawsuits similar to this one throughout the country in Federal Courts, and this is established by the mandatory disclosure of both parties in this case." (Response at 8).

On a motion to dismiss for failure to state a claim, the scope of review is generally "limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.

2006) (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003)). The Court may, however, consider evidence upon which the Complaint "necessarily relies." *Id.* (citing *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994)). A complaint "necessarily relies" on evidence if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the [Rule] 12(b)(6) motion." *Id.*

Having reviewed the FAC and the Exhibits, the Court finds that the FAC does not "necessarily rely" on the Exhibits used. The FAC does not refer to Exhibit B. Furthermore, this news story is not central to Plaintiff's claim both because it does not support the proposition that Defendant had prior knowledge of any defect at the time of sale and because the story actually postdates the first hoverboard sale in this case. (Doc. 77 at Ex. B). The FAC also does not reference Exhibit A. The FAC generally states that Defendants "marketed and sold [the hoverboards] . . . as including and containing name brand, reliable, safe, tested, trusted, and well regarded batteries and components, including, but not limited to Samsung batteries, however these representations were false." (FAC ¶ 12). But, in order to "necessarily rely" on evidence, the complaint must *specifically* reference the existence of documents as part of the factual basis for the complaint. *See Branch*, 14 F.3d at 453; *Townsend v. Columbia Operations*, 667 F.2d 844, 848 (9th Cir. 1982). Nowhere does the Complaint refer to a receipt from Amazon. Accordingly, the Court will not take into account either Exhibit A or Exhibit B[3], because the FAC does not "necessarily rely" on these exhibits.

### C. Negligent Misrepresentation

Count Five of the FAC alleges that Defendant is liable to Plaintiff because it made negligent misrepresentations to Zeitoun about the quality of its products and Zeitoun was injured as a result. (FAC ¶ 30). Arizona courts follow the Restatement approach to the tort of negligent misrepresentation. *Restatement (Second) of Torts* § 552 (Am. Law Inst.

---

[3] For clarity, however, the Court notes that while it does not consider Exhibit A, it does still consider the factual allegations, mentioned above, that are contained in paragraph 12 of the FAC.

- 4 -

1977). The law of negligence supplies the governing principles for negligent misrepresentation claims. *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 340 P.3d 405, 411 (Ariz. Ct. App. 2014) (quoting *Van Buren v. Pima Cmty. Coll. Dist. Bd.* 546 P.2d 821, 823 (Ariz. 1976)). "Thus, there must be 'a duty owed and a breach of that duty before one may be charged with the negligent violation of that duty.'" *Id.* (quoting *West v. Soto*, 336 P.2d 153, 156 (Ariz. 1959)). In Arizona, courts do not take into account foreseeability when making determinations of duty. *Gipson v. Kasey*, 150 P.3d 228, 231 (Ariz. 2007). Furthermore, Arizona law limits liability for negligent misrepresentation to losses suffered:

> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>
> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

*Restatement (Second) of Torts* § 552(2). In order to be liable for negligent misrepresentation, the maker of the representation must intend it to "reach and influence either a particular person or persons, known to him, or a group or class of persons, distinct from the much larger class who might reasonably be expected sooner or later to have access to the information and foreseeably to take some action in reliance upon it." § 552 cmt. h.

Plaintiff's Count Five claim is defective in three ways. First, Plaintiff fails to provide any facts that establish the existence of a duty between Defendant and Zeitoun, the subsequent purchaser of the merchandise at issue. Interpreted in the most favorable light, the FAC could be understood to allege that it was reasonably foreseeable that an initial purchaser could later sell merchandise to another consumer. But, as explained above, foreseeability is not a factor Arizona courts take into account when making determinations of duty. *E.g.*, *Hoffman v. Greenberg*, 767 P.2d 725, 727–28 (Ariz. Ct.

App. 1988) Instead, Arizona courts look to the relationship of the parties or public policy considerations to determine if a duty exists between the parties. *Gipson*, 150 P.3d at 232–33. Plaintiff's FAC simply does not plead the existence of a duty on these grounds.

Second, Plaintiff has not alleged any facts demonstrating that Zeitoun was "distinct from the much larger class of persons who might reasonably be expected . . . to have access to the information and foreseeably to take some action in reliance upon it." § 552 cmt. h. Even if Plaintiff did establish a duty, a defendant is not liable under the Restatement approach unless he intends the representation "to reach and influence either a particular person or persons, known to him, or a group or class of persons distinct from the much larger class who might reasonably be expected . . . to have access to the information and foreseeably to take some action in reliance upon it." § 552 cmt. h. Plaintiff alleges no facts showing that Defendant intended to influence Zeitoun, nor does Plaintiff allege facts showing that Zeitoun was a member of a distinct group or class of persons that Defendant intended to influence. Courts have long hesitated to extend liability for negligent misrepresentations in such situations, lest "a thoughtless slip or blunder" create exposure to "liability in an indeterminate amount for an indeterminate time to an indeterminate class." *Ultramares Corp. v. Touche*, 174 N.E. 441, 444 (N.Y. 1931). It is for this reason that the Restatement limits liability, and that Arizona adheres to that approach. *See Hoffman*, 767 P.2d at 728. Accordingly, because Plaintiff does not allege any facts to show that Zeitoun is a member of a distinct class, the FAC fails to sufficiently plead negligent misrepresentation.

Third, and finally, the allegations that are actually contained in the FAC amount to no more than the kind of "labels and conclusions" or "formulaic recitation of the elements of a cause of action" that are not sufficient to show that the complaint has facial plausibility. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

For these three reasons, Plaintiff has failed to plead sufficient facts to show a plausible claim of relief. Therefore, the Court dismisses Count Five for failure to state a claim.

**D. Arizona Consumer Fraud**

Count Six of the FAC alleges a violation of the Arizona Consumer Fraud Act ("CFA"). (FAC ¶ 32). The CFA makes it an unlawful practice for any person to "use or employ[] . . . any deception, deceptive or unfair act or practice, fraud, false promise, misrepresentation, or concealment, suppression or omission of any material fact with the intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise." A.R.S. § 44-1522. The purpose of the CFA "is to provide injured consumers with a remedy to counteract the disproportionate bargaining power often present in consumer transactions." *Waste Mfg. & Leasing Corp. v. Hambicki*, 900 P.2d 1220, 1225 (Ariz. Ct. App. 1995); *see also Madsen v. W. Am. Mortg.*, 694 P.2d 1228, 1232 (Ariz. Ct. App. 1985) ("The [CFA] is a broadly drafted remedial provision designed to eliminate unlawful practices in merchant-consumer transactions."). In order to give effect to this purpose, Arizona courts have interpreted the act to create a private right of action for individual consumers. *Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119, 1122 (Ariz. 1974); *see also Sullivan v. Pulte Home Corp.*, 290 P.3d 446, 454 (Ariz. Ct. App. 2012), *vacated in part*, 306 P.3d 1 (Ariz. 2013). A consumer will succeed on a private cause of action if they are able to prove "a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Dunlap v. Jimmy GMC of Tucson, Inc.*, 666 P.2d 83, 87 (Ariz. Ct. App. 1983) (citing *Parks v. Macro-Dynamics*, 591 P.2d 1005 (Ariz. Ct. App. 1979)).

Defendant argues that "Arizona law is clear that subsequent purchasers like Zeitoun—and therefore Plaintiff standing in his shoes—cannot sue under the Act because there was no 'sale' or transaction between him and Amazon, Inc." (Doc. 74 at 4). It cites *Sullivan* to support this contention. (*Id.*) The Court finds that *Sullivan* does not necessarily control the outcome of this case.

A recent opinion of the Arizona Supreme Court rejects the notion, advanced by Defendant, that a direct merchant-consumer transaction is a necessary element of a

private right of action under the CFA. *Watts v. Medicis Pharm. Corp.*, 365 P.3d 944, 946 (Ariz. 2016). In *Watts*, the plaintiff sought medical treatment for her acne. *Id.* at 947. Along with a prescription for Solodyn, a drug manufactured by the company Medicis, her medical provider gave her a "MediSAVE" card that stated "[t]he safety of using [Solodyn] longer than 12 weeks has not been studied and is not known." *Id.* (alterations in the original). She brought suit under the CFA, alleging that Medicis affirmatively misrepresented the safety of Solodyn via the MediSAVE card because it knew "that taking the drug for longer than twelve weeks can cause drug-induced lupus." *Id.* at 953. The Court explained that, despite the absence of a direct transaction between the plaintiff and Medicis, the plaintiff had stated a claim under the CFA, because she alleged that Medicis made an affirmative misrepresentation to her via their MediSAVE card. *Id.* at 953. Even though the MediSAVE card was provided to her by her medical provider, and not Medicis, this still constituted a misrepresentation in connection with the sale of merchandise because it was given to her when she purchased the Solodyn from the pharmacy. *Id.* at 948. Therefore, it was an actionable claim under the CFA.[4] *Id.* at 953.

*Sullivan* is different from *Watts* in one critical way, the absence of a misrepresentation made to the plaintiff. In *Sullivan*, the Pulte Home Corporation sold a home to the original purchaser in 2000. *Sullivan*, 290 P.3d at 448. The original purchaser then sold the home to the Sullivans in 2003. *Id.* The Sullivans brought suit under the CFA alleging that Pulte Home Corporation concealed an improperly built retaining wall and improperly graded home site. *Id.* at 453. The court held that "the trial court did not err in dismissing the Sullivans' CFA claims" because Pulte made no representations or statements to the Sullivans "'in connection with the sale or advertisement' of the home." *Id.* at 454.

Therefore, in light of *Watts*, the Court does not accept Defendant's contention that *Sullivan* bars Plaintiff from stating a claim under the CFA in this case. But the Court does agree with Defendant that Plaintiff's Count Six should be dismissed because Plaintiff has

---

[4] The Court remanded to determine the merits of the CFA claim. *Id.* at 953.

1  failed to allege sufficient facts to assert a plausible claim for relief under the CFA.
2  Specifically, Plaintiff does not allege any facts to show that Defendant made a
3  misrepresentation to Zeitoun in connection with the sale of the hoverboards. Instead, the
4  FAC states only that Defendant made the alleged misrepresentations "to a known
5  consumer and customer, a friend of the family of" Zeitoun. (FAC ¶ 9). This allegation
6  does not suffice to plead a CFA claim as to Zeitoun. Accordingly, the FAC falls short of
7  Rule 8's pleading standard of facial plausibility. *Iqbal*, 556 U.S. at 678.

Because the FAC fails to allege sufficient facts to show a plausible claim for relief under the CFA, the Court dismisses Count Six for failure to state a claim.

### E. Aiding and Abetting

Count Seven of the FAC alleges that Defendant is liable to Plaintiff on the theory that Defendant aided and abetted in the commission of a tort that harmed the Plaintiff. (FAC ¶ 34). In order to successfully make out a claim of aiding and abetting, a plaintiff must allege that a primary tortfeasor's conduct constituted a tort, that the defendant knew this conduct constituted a breach of duty, and that the defendant substantially assisted or encouraged the primary tortfeasor in the achievement of that breach. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 38 P.3d 12, 23 (Ariz. 2002).

Plaintiff's aiding and abetting claim falls well short of Rule 8's pleading standard. Plaintiff does not allege any facts that nudge its claim "across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. Instead, Plaintiff simply describes the components of the claim and asserts that they have been met, exactly the type of "formulaic recitation of the elements of a cause of action" that the Supreme Court has warned does not satisfy Rule 8's pleading standard. *Iqbal*, 556 U.S. at 678. Plaintiff has not alleged, in any detail, what assistance or encouragement that Defendant provided the other Defendants in committing a tort. Plaintiff also does not allege that that Defendant had knowledge of any specific tort being committed by the other Defendants, but instead only states that Defendant "[k]new or should have known that the other defendants and

- 9 -

tortfeasors' conduct constituted a breach of duty." (FAC ¶ 34). Finally, Plaintiff simply states that the other Defendants in this action are, in fact, tortfeasors without any supporting facts. These sorts of legal conclusions do not suffice to show that a complaint is plausible on its face. *Iqbal*, 556 U.S. at 678.

Because the FAC fails to allege sufficient facts to show a plausible claim for relief under the theory of aiding and abetting, the Court dismisses Count Seven for failure to state a claim.

**III. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendant Amazon.com, Inc.'s Partial Motion to Dismiss the Fourth Amended Complaint, (Doc. 74) is **GRANTED**. Because other counts remain, the Clerk of the Court shall not enter judgment at this time.

Dated this 29th day of March, 2018.

James A. Teilborg
Senior United States District Judge