**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire and Casualty Company,<br><br>    Plaintiff,<br><br>v.<br><br>Amazon.com Incorporated, et al.,<br><br>    Defendants. | No. CV-17-01994-PHX-JAT<br><br>**ORDER** |

  Pending before the Court is a stipulated-to protective order submitted by Plaintiff and one Defendant. The stipulation offers the following justification: "Good cause exists for entry of the Protective Order. In order to comply with their respective disclosure obligations, the parties must disclose information that is protected, private, and/or confidential. Some of this information relates to Defendant Amazon.com, Inc.'s confidential and proprietary business information." (Doc. 87 at 2). The actual proposed order lists certain categories of documents that will be protected and also states "'Confidential Information' means any information that is private, confidential, or proprietary, including the following representative but non-exclusive examples: …." (Doc. 87-1 at 3).

  Global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears

the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party to requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Here, the language of the parties' proposed protective order is too generalized to meet the requirements of Rule 26. For example, it defines confidential information as information that is confidential. It offers no explanation of what information would be included or why it would need to be protected. Accordingly, the stipulation will be denied. Therefore,

**IT IS ORDERED** that the stipulation for a protective order (Doc. 87) is denied, without prejudice.

Dated this 10th day of April, 2018.

James A. Teilborg
Senior United States District Judge