**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire and Casualty Company,<br><br>          Plaintiff,<br><br>v.<br><br>Amazon.com Incorporated, et al.,<br><br>          Defendants. | No. CV-17-01994-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant LG Chem, Ltd.'s ("Defendant") Motion to Dismiss ("Motion to Dismiss"). (Doc. 82). State Farm Fire and Casualty Company ("Plaintiff") has responded ("Response"), (Doc. 84), and Defendant has replied ("Reply"), (Doc. 86).

## I. Background

Plaintiff brought this action on behalf of its insured, Hussein Zeitoun, following a fire in the insured's home on June 23, 2016. The Court recounted the background facts of this case in its Order on Defendant Amazon.com's Motion to Dismiss the Fourth Amended Complaint, (Doc. 85 at 1–2), and need not repeat them here. On June 23, 2017, Plaintiff filed its Second Amended Complaint in the Maricopa County Superior Court. (Doc. 84 at 1). The case was removed to this Court on that same date. (Doc. 82 at 3). Plaintiff provides that on September 1, 2017, it directed its foreign service expert to commence service on Defendant, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters

("Hague Convention"). (Doc. 84 at 1). Plaintiff's expert then transmitted the Second Amended Complaint and the Summons of the Maricopa County Superior Court to the South Korean Central Authority to serve on Defendant. (Doc. 80-1). Since that time, however, Plaintiff has filed both a Third Amended Complaint, (Doc. 33), and a Fourth Amended Complaint, (Doc. 72). Plaintiff has not served either of these amended complaints on Defendant, nor has it sent Defendant a federal summons. (Doc. 82 at 3–4). On March 5, 2018, Plaintiff filed a Certificate of Service to notify the Court that it had perfected service on Defendant on November 22, 2017. (Doc. 80-1); (Doc. 82 at 2).

## II.  Motion to Dismiss

Defendant moves to dismiss the claims against it on two grounds. First, Defendant argues that because Plaintiff violated the Court's prior order by failing to serve Defendant with the "operative complaint," dismissal is appropriate pursuant to Federal Rule of Civil Procedure ("Rule") 41(b). (Doc. 82 at 4–5). Second, Defendant argues that because Plaintiff failed to serve Defendant with a federal summons, dismissal is appropriate under Rule 12(b). (*Id.* at 5–6).

### a.  Legal Standard

"A party must be properly served for the Court to obtain personal jurisdiction over that party." *Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 551 (N.D. Cal. 2003). Rule 12(b)(5) allows a party to move to dismiss claims against it for insufficient service of process. Fed. R. Civ. P. 12(b)(5). In order to survive a Rule 12(b)(5) motion to dismiss, a plaintiff must have complied with the requirements of Rule 4. *See Rajbhandari v. U.S. Bank*, 305 F.R.D. 689, 694 (S.D. Fla. 2015). Accordingly, a plaintiff must serve a summons with the copy of the complaint. Fed. R. Civ. P. 4(c)(1). That summons must both name the court that the defendant is being summoned to and "state the time which the defendant must appear and defend." Fed. R. Civ. P. 4(a)(1). Although normally a court must dismiss a defendant who remains unserved within 90 days of the complaint being filed, there is an exception for attempts to serve individuals in a foreign country. Fed. R. Civ. P. 4(f)(1), (m). Furthermore, when a case is removed from state to federal

court, and "any one or more of the defendants has not been served with process or in which the process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases filed in such district court." 28 U.S.C. § 1448 (2012). This statute allows federal courts "discretion to give the plaintiff leave to perfect service or to dismiss the case and force plaintiff to refile." *Baumeister v. New Mexico Comm'n for the Blind*, 409 F. Supp. 2d 1351, 1353 (D. N.M. 2006). Dismissal for insufficient service of process is disfavored. *See United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984); *United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 516 (E.D. Pa. 2010); *Schmidt v. Wilbur*, 775 F. Supp. 216, 227 (E.D. Mich. 1991). Therefore, the Ninth Circuit holds "that 'substantial compliance' with Rule 4's service requirements is sufficient so long as the opposing party receives sufficient notice of the complaint." *Straub v. A P Green, Inc.*, 38 F.3d 448, 453 (9th Cir. 1994) (citing *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994); and then citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). Finally, "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claims against it." Fed. R. Civ. P. 41(b).

### b. Discussion

Defendant first argues that the Court ordered Plaintiff to serve Defendant "with the operative Complaint in this case." (Doc. 82 at 3). Because Plaintiff only served Defendant with the Second Amended Complaint, Defendant contends that Plaintiff violated a court order. (*Id.*) The Court rejects this argument. The Order that Defendant refers to does not order Plaintiff to serve Defendant with the operative complaint. Instead, it grants Plaintiff an extension to serve all defendants located in Korea and sets a deadline for Plaintiff to file proof of service. (Doc. 57 at 3). Because the Court never ordered Plaintiff to serve Defendant with the "operative complaint," the Court rejects Defendant's argument that it is appropriate to dismiss the claims against it on that basis.

Defendant next argues that the Court should dismiss the claims against it because

"Plaintiff attempted service . . . with an outdated and inoperative Second Amended Complaint, and a Summons from a court in which there is no active case." (Doc. 82 at 5). For these reasons, Defendant argues, Plaintiff did not substantially comply with Rule 4. (Doc. 86 at 4). In response, Plaintiff argues that "[t]he letter and intent of service of process have been met" because Defendant had notice of this action and was able to hire legal counsel and file the pending Motion to Dismiss. (Doc. 84 at 2). The Court agrees with the Defendant that Plaintiff did not substantially comply with Rule 4, but will nonetheless deny the motion to dismiss.

By failing to include the federal court summons, Plaintiff has not complied with four of the seven requirements of Rule 4(a)(1). By virtue of being a state court summons, this summons fails to "name the court[,] . . . state the time within which the defendant must appear and defend[,] . . . be signed by the clerk[,] . . . [or] bear the court's seal." Fed. R. Civ. P. 4(a)(1)(A), (D), (F), (G). The summons thus falls short of "substantial compliance" with the dictates of Rule 4. *E.g.*, *Ghosh v. City of Berkeley*, No. C–14–2922 MMC, 2015 WL 153209, at *2 (N.D. Cal. Jan. 12, 2015) (holding service of process insufficient for lack of clerk's signature) (citing *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569–70 (3d Cir. 1996); and then citing *Taylor v. Logic 20/20 Inc.*, No. C13–1199JLR, 2014 WL 1379603, at *3 (W.D. Wash. Apr. 8, 2014)).

Although Plaintiff's service of process is insufficient, the Court retains discretion in deciding whether to dismiss the action or to quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)). On this score, the Court is mindful that Plaintiff successfully went through the required steps to effect service under the Hague Convention[1] and that, at the time Plaintiff transmitted the documents to its foreign service expert, Plaintiff had not yet filed its Third Amended Complaint. (Doc. 84 at 1). Furthermore, Defendant has not claimed, and the record does not show, that the defective

---

[1] The Court recognizes the time and expense that proper service of process on a foreign company can require. This is why Rule 4(d) places a duty on a foreign individual to avoid unnecessary expenses. Fed. R. Civ. P. 4(d).

summons prejudiced it in any way. *United Food*, 736 F.2d at 1382 (stating that dismissal under Rule 4 "is generally not justified absent a showing of prejudice"). Importantly, the subsequent amendments to the complaint did not alter the allegations Plaintiff made against Defendant in its Second Amended Complaint. (*Compare* Doc. 81-1, *with* Doc. 33, *and* Doc. 72). Therefore, although the summons was defective, it still informed Defendant of the nature of the claims against it. In such a situation, dismissal is disfavored in order to promote the policy—codified in the Rules—of disposing of cases on their merits. Fed. R. Civ. P. 1 ("These rules . . . . should be construed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1083 (4th ed. 2017). Because "the interplay of § 1448 and Rule 4(m) actually encourages courts to direct plaintiffs to perfect service," the proper remedy is not to dismiss Plaintiff's claims against Defendant, but instead to order Plaintiff to re-serve Defendant with federal process. *Baumeister*, 409 F. Supp. 2d at 1354–55 (citing *Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 848–49 (10th Cir. 1997)); *see also Hickory Travel Sys.*, 213 F.R.D. at 553 (stating that the court should retain jurisdiction "so long as there is a chance that the plaintiff still could accomplish service" citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

///

///

///

///

///

///

///

///

///

///

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant LG Chem, Ltd.'s Motion to Dismiss, (Doc. 82), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff State Farm Fire and Casualty Company re-serve Defendant LG Chem, Ltd. with federal process within 90 days of the date of this Order.

Dated this 16th day of May, 2018.

James A. Teilborg
Senior United States District Judge