Daniel J. O'Connor, Jr., Bar No. 010081
Karen J. Stillwell, Bar No. 022711
**O'CONNOR & CAMPBELL, P.C.**
7955 South Priest Drive
Tempe, Arizona  85284
daniel.oconnor@occlaw.com
karen.stillwell@occlaw.com
(602) 241-7000

Attorneys for Defendant LG Chem, Ltd.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire And Casualty Company, an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Amazon.com, Inc., a Delaware corporation; LG Company (Korea) a foreign partnership, corporation, or other business entity; LG Chem Company (Korea), a foreign partnership, corporation, or other business entity; Super Engine, a corporation, partnership, or other business entity; Easycredit Trade Hongkong Co., Limited dba Super Engine, a foreign corporation, partnership, or other business entity; John Does and Jane Does I-V, husbands and wives; Black Partnerships I-V; and White Corporations I-V,<br><br>Defendants. | Case No.: 2:17-cv-01994-JAT<br><br><br>**DEFENDANT LG CHEM, LTD.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT** |

Defendant LG Chem, LTD. ("LG Chem") answers Plaintiff's Fourth Amended Complaint as follows:

## GENERAL AND FACTUAL ALLEGATION

1.      In response to Paragraph 1 of Plaintiff's Fourth Amended Complaint, LG Chem admits only that Plaintiff is an Illinois corporation. LG Chem denies it caused any damages claimed in this case. LG Chem lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 and, therefore, denies them and demands strict proof thereof.

2.      In responses to Paragraph 2 of Plaintiff's Fourth Amended Complaint, these allegations are directed to entities other than LG Chem and no answer from LG Chem is required. To the extent any allegation is directed to LG Chem, LG Chem denies them and demands strict proof thereof.

3.      In responses to Paragraph 3 of Plaintiff's Fourth Amended Complaint, LG Chem admits only that LG Chem, Ltd. is a Korean corporation. LG Chem denies all other allegations set forth in Paragraph 3 of Plaintiff's Fourth Amended Complaint.

4.      In response to Paragraph 4 of Plaintiff's Fourth Amended Complaint, LG Chem admits only that LG Chem, Ltd. is a Korean corporation. LG Chem denies all other allegations set forth in Paragraph 4 of Plaintiff's Fourth Amended Complaint.

5.      In response to Paragraph 5 of Plaintiff's Fourth Amended Complaint, these allegations are directed to entities other than LG Chem and no answer from LG Chem is required. To the extent any allegation is directed to LG Chem, LG Chem denies them and demands strict proof thereof.

6.      In response to Paragraph 6 of Plaintiff's Fourth Amended Complaint, these allegations are directed to entities other than LG Chem and no answer

from LG Chem is required. To the extent any allegation is directed to LG Chem, LG Chem denies them and demands strict proof thereof.

7.    In response to Paragraph 7 of Plaintiff's Fourth Amended Complaint, these allegations are directed to entities other than LG Chem and no answer from LG Chem is required. To the extent any allegation is directed to LG Chem, LG Chem denies them and demands strict proof thereof.

8.    In response to Paragraph 8 of Plaintiff's Fourth Amended Complaint, the allegations set forth therein are conclusions of law to which no response is required. To the extent an answer is necessary, LG Chem lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 and therefore denies them.

9.    In response to Paragraph 9 of Plaintiff's Fourth Amended Complaint, these allegations appear to be directed at entities other than LG Chem and no answer from LG Chem is required. Notwithstanding, LG Chem denies the allegations set forth in Paragraph 9 of Plaintiff's Fourth Amended Complaint and demands strict proof thereof.

10.    LG Chem denies the allegations set forth in Paragraph 10 of Plaintiff's Fourth Amended Complaint and demands strict proof thereof.

11.    In response to Paragraph 11 of Plaintiff's Fourth Amended Complaint, LG Chem lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's and its experts' actions and, therefore, deny the same and demand strict proof thereof. LG Chem specifically denies any wrongdoing as alleged in Paragraph 11 of Plaintiff's Fourth Amended Complaint.

12.    In response to Paragraph 12 of Plaintiff's Fourth Amended Complaint, LG Chem lacks knowledge or information sufficient to form a belief as

to the truth of the allegations related to Plaintiff's and its experts' actions and, therefore, deny the same and demand strict proof thereof.  LG Chem specifically denies any wrongdoing as alleged in Paragraph 12 of Plaintiff's Fourth Amended Complaint.

## COUNT I (Strict Liability)

13.   In response to Paragraph 13 of Plaintiff's Fourth Amended Complaint, LG Chem incorporates by reference its responses to all other paragraphs of the Fourth Amended Complaint as if fully set forth herein.

14.   In response to Paragraph 14 of Plaintiff's Fourth Amended Complaint, to the extent the allegations are directed to LG Chem, LG Chem denies the allegations set forth therein and demands strict proof thereof.

15.   In response to Paragraph 15 of Plaintiff's Fourth Amended Complaint, to the extent the allegations are directed to LG Chem, LG Chem denies the allegations set forth therein and demands strict proof thereof.

16.   In response to Paragraph 16 of Plaintiff's Fourth Amended Complaint, to the extent the allegations are directed to LG Chem, LG Chem denies the allegations set forth therein and demands strict proof thereof.

17.   In response to Paragraph 17 of Plaintiff's Fourth Amended Complaint, to the extent the allegations are directed to LG Chem, LG Chem denies the allegations set forth therein and demands strict proof thereof.

18.   In response to Paragraph 18 of Plaintiff's Fourth Amended Complaint, LG Chem denies the allegations set forth therein and demands strict proof thereof.

**COUNT II (Negligence)**

19.   In response to Paragraph 19 of Plaintiff's Fourth Amended Complaint, LG Chem incorporates by reference its responses to all other paragraphs of the Fourth Amended Complaint as if fully set forth herein.

20.   In response to Paragraph 20 of Plaintiff's Fourth Amended Complaint, to the extent the allegations are directed to LG Chem, LG Chem denies the allegations set forth therein and demands strict proof thereof.

21.   In response to Paragraph 21 of Plaintiff's Fourth Amended Complaint, LG Chem denies the allegations set forth therein and demands strict proof thereof.

**COUNT III (Breach of Express Warranties)**

22.   In response to Paragraph 22 of Plaintiff's Fourth Amended Complaint, LG Chem incorporates by reference its responses to all other paragraphs of the Fourth Amended Complaint as if fully set forth herein. LG Chem further incorporates its Partial Motion to Dismiss filed contemporaneously herewith.

23.   In response to Paragraph 23 of Plaintiff's Fourth Amended Complaint, to the extent the allegations are directed to LG Chem, LG Chem denies the allegations set forth therein and demands strict proof thereof.

24.   In response to Paragraph 24 of Plaintiff's Fourth Amended Complaint, LG Chem denies the allegations set forth therein and demands strict proof thereof.

**COUNT IV (Breach of Implied Warranties)**

25.   In response to Paragraph 25 of Plaintiff's Fourth Amended Complaint, LG Chem incorporates by reference its responses to all other paragraphs of the Fourth Amended Complaint as if fully set forth herein. LG

1  Chem further incorporates its Partial Motion to Dismiss filed contemporaneously

2  herewith.

3      26.    In response to Paragraph 26 of Plaintiff's Fourth Amended

4  Complaint, to the extent the allegations are directed to LG Chem, LG Chem

5  denies the allegations set forth therein and demands strict proof thereof.

6      27.    In response to Paragraph 27 of Plaintiff's Fourth Amended

7  Complaint, to the extent the allegations are directed to LG Chem, LG Chem

8  denies the allegations set forth therein and demands strict proof thereof.

9      28.    In response to Paragraph 28 of Plaintiff's Fourth Amended

10  Complaint, LG Chem denies the allegations set forth therein and demands strict

11  proof thereof.

12  **COUNT V (Negligent Misrepresentation)**

13      29.    In response to Paragraph 29 of Plaintiff's Fourth Amended

14  Complaint, LG Chem incorporates by reference its responses to all other

15  paragraphs of the Fourth Amended Complaint as if fully set forth herein. LG

16  Chem further incorporates its Partial Motion to Dismiss filed contemporaneously

17  herewith.

18      30.    In response to Paragraph 30 and its subparts of Plaintiff's Fourth

19  Amended Complaint, LG Chem denies the allegations set forth therein and

20  demands strict proof thereof.

21  **COUNT VI (Consumer Fraud)**

22      31.    In response to Paragraph 31 of Plaintiff's Fourth Amended

23  Complaint, LG Chem incorporates by reference its responses to all other

24  paragraphs of the Fourth Amended Complaint as if fully set forth herein. LG

25  Chem further incorporates its Partial Motion to Dismiss filed contemporaneously

26  herewith.

1    32.   In response to Paragraph 32 and its subparts of Plaintiff's Fourth

2   Amended Complaint, LG Chem denies the allegations set forth therein and

3   demands strict proof thereof.

4             **COUNT VII (Aiding and Abetting)**

5    33.   In response to Paragraph 33 of Plaintiff's Fourth Amended

6   Complaint, LG Chem incorporates by reference its responses to all other

7   paragraphs of the Fourth Amended Complaint as if fully set forth herein.

8    34.   This cause of action is not asserted against LG Chem and therefore

9   does not require a response. To the extent any allegation is directed to LG

10   Chem, LG Chem denies the allegation(s) and demands strict proof thereof.

11    35.   In response to Plaintiff's Prayer for Relief, LG Chem denies that

12   Plaintiff is entitled to any recovery from LG Chem whatsoever.

13    36.   LG Chem denies each and every allegation that is not expressly

14   admitted herein.

15             **AFFIRMATIVE DEFENSES**

16    37.   As and for a separate and affirmative defense, and in the alternative,

17   LG Chem denies liability, causation and damages and/or the nature and extent of

18   Plaintiff's or its insured's injuries and/or damages, if any, and requires strict proof

19   thereof.

20    38.   As and for a separate and affirmative defense, and in the alternative,

21   LG Chem alleges that Plaintiff's Complaint fails to state a claim upon which relief

22   can be granted against LG Chem.

23    39.   As and for a separate and affirmative defense, and in the alternative,

24   LG Chem alleges Plaintiff's or its insured's claims against LG Chem fail because

25   LG Chem did not design, manufacture, or sell the hoverboard at issue.

26

40.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges some or all of Plaintiff's or its insured's claims against LG Chem may be barred by failure or lack of privity of contract.

41.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that Plaintiff or its insured cannot and has not properly asserted a claim for Breach of Express Warranty against LG Chem.  LG Chem incorporates its contemporaneous Partial Motion to Dismiss herein by reference.

42.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that Plaintiff or its insured cannot and has not properly asserted a claim for Breach of Implied Warranties claim against LG Chem.  LG Chem incorporates its contemporaneous Partial Motion to Dismiss herein by reference.

43.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that Plaintiff or its insured cannot prove the elements required for Negligent Misrepresentation. LG Chem incorporates its contemporaneous Partial Motion to Dismiss herein by reference.

44.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that Plaintiff or its insured cannot and have not properly asserted a claim for Consumer Fraud claim against LG Chem.  LG Chem incorporates its contemporaneous Partial Motion to Dismiss herein by reference.

45.     As and for a separate and affirmative defense, and in the alternative, Plaintiff's or its insured's claims are barred, in whole or in part, because LG Chem at all relevant times acted in good faith and without malice, willfulness or intent to injure or harm Plaintiff in any way.

46.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that Plaintiff or its insured failed to appropriately and

adequately mitigate, obviate, diminish or otherwise act to lessen or reduce its damages, thus barring or reducing its recovery against LG Chem.

47.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that Plaintiff or its insured were contributory negligent and/or any damages received by Plaintiff or its insured were the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than LG Chem, all of which bars recovery to Plaintiff herein from LG Chem.

48.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that Plaintiff or its insured were negligent, in whole or in part, thereby reducing or eliminating any damages owing by LG Chem by way of comparative negligence.

49.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that if, indeed, they are determined to be liable for the allegations contained in Plaintiff's Complaint, then LG Chem is entitled to contribution from other defendants unnamed, by way of the Doctrine of Contribution.

50.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that Plaintiff or its insured assumed the risk of his damages, ignored an open and obvious danger, acted in direct and intentional violation of Arizona law, and acted intentionally and knowingly, jeopardizing his safety and well-being, all of which bar recovery or reduce recovery to Plaintiff herein from LG Chem.

51.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that Plaintiff's or its insured's claim is barred, or, alternatively,

that Plaintiff's or its insured's damages must be reduced due to the applicability of the Doctrine of Mitigation of Damages and avoidable consequences.

52.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that the party who sold the hoverboard to Plaintiff's insured, the third-party seller, any other entity who designed, manufactured, or sold the product at issue, and/or any unknown third persons, caused Plaintiff's damages. LG Chem will identify such other persons as required by Rule 26(b)(5), of the Arizona Rules of Civil Procedure, with the relative degree of fault, if any, to be determined according to A.R.S. Section 12-2501, et seq.

53.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that any sale of the hoverboard at issue in this matter was done by a third-party seller, as well as a subsequent seller, and made to a sophisticated user and therefore, Plaintiff's or its insured's claims may be barred against LG Chem.

54.     As and for a separate and affirmative defense, and in the alternative, LG Chem alleges that Plaintiff's or its insured's claims are or may be barred by the applicable statute of limitations or statute of repose.

55.     As and for a separate defense, Plaintiff's Fourth Amended Complaint fails to name necessary and indispensable parties necessary for full and adequate relief, including but not limited to, the actual manufacturer and/or seller of the product that allegedly caused Plaintiff's or its insured's purported damages, if any.

56.     Plaintiff's or its insured's claims may be barred in whole or in part by the economic loss doctrine.

57.     LG Chem asserts each and every affirmative defense set forth or contemplated by the Arizona Products Liability Statute, A.R.S. §12-681, et seq.

58.     LG Chem is entitled to all affirmative defenses available to LG Chem under A.R.S. §12-683 to the extent Plaintiff or its insured and/or other persons without LG Chem's knowledge and approval redesigned, modified, altered, and used the product subject to this litigation contrary to instructions and contrary to the custom and practice of the industry, and this redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product (which is specifically denied as to LG Chem), such defect resulted solely from the redesign, modification, alteration, or other such treatment or change and not from any act or omission by LG Chem.

59.     As and for a separate defense, and in the alternative, LG Chem alleges that Plaintiff's or its insured's damages, if any, were the result of the negligence, carelessness, inattention, misuse, assumption of the risk, or otherwise wrongful or unsafe act of Plaintiff's insured or family members, of the original purchaser of the hoverboard who sold it to Plaintiff's insured, the third party seller, any other entity that manufactured, designed or sold the product at issue, or the joint or concurrent negligence of Plaintiff's insured over whom LG Chem had no control or right of control; and Plaintiff's or its insured's damages, if any, should be reduced or eliminated under the applicable state's Doctrine of Comparative Fault and/or Contributory Negligence.

60.     As and for a separate defense, and in the alternative, LG Chem alleges that if it is determined that the manufacturer sold the product described in Plaintiff's Complaint, the proximate cause of the incident given rise to this action was an alteration or modification of the product, which was not reasonable or foreseeable, and caused by a person other than LG Chem subsequent to the time the product was manufactured and outside of LG Chem's control.

61.   As and for a separate defense, and in the alternative, LG Chem alleges that the proximate cause of the given incident giving rise to this action was a use of the product for a purpose in a manner, or in an activity other than that which was reasonably foreseeable or was contrary to any express and adequate instruction or warnings attached to or delivered with the product about which Plaintiff or its insured knew, or in the exercise of reasonable diligence, should have known.

62.   As and for a separate defense, and in the alternative, LG Chem alleges that the hoverboard components at issue in this matter is designed, manufactured, assembled, and tested in accordance with all applicable United States governmental regulations and standards and that the subject hoverboard components have been granted exemptions from certain regulations.  Therefore, Plaintiff's or its insured's claims are preempted by the Supremacies Clause of the United States Constitution, and relevant statutes and regulations.

63.   As and for a separate defense, and in the alternative, LG Chem alleges that Plaintiff or its insured cannot show that any alleged alternative design would render the product safer overall under the Restatement (Third) of Torts: Product Liability, Section 2, cmt. f.

64.   As and for a separate defense, and in the alternative, LG Chem alleges that if discovery reveals Plaintiff or its insured failed to exercise reasonable caution, and/or failed to follow provided guidelines and instructions, the jury should be permitted to apportion fault to Plaintiff or its insured for failing to do so, and Plaintiff's or its insured's claims should be barred or limited accordingly.

65.   As and for a separate defense, and in the alternative, LG Chem alleges that Plaintiff's or its insured's negligence claim is subsumed by its product

liability claim - if Plaintiff or its insured cannot prevail on its product liability claim, then as a matter of law, then it cannot prevail on the corresponding negligence claim.

66.    As and for a separate defense, and in the alternative, LG Chem alleges that all or some of Plaintiff's or its insured's claims may be governed by the laws of another jurisdiction pursuant to a choice of law analysis.

67.    As and for a separate defense, and in the alternative, LG Chem alleges, upon information and belief, that Plaintiff's or its insured's claims are barred in whole or in part because Plaintiff or its insureds' intentionally or negligently spoliated or failed to preserve crucial evidence.  LG Chem asserts that it will, at the appropriate time, seek one or more specific remedies, including but not limited to, an adverse inference jury instruction, exclusion of claims and evidence, and outright dismissal of Plaintiff's Complaint.

68.    As and for a separate defense, and in the alternative, LG Chem alleges that no additional warnings would have, or could have prevented the alleged incident, the injuries, loss, and damages alleged by Plaintiff or its insured.

69.    As and for a separate defense, and in the alternative, LG Chem alleges that no different or alternative warnings would have, or could have, prevented the incident, injuries, damages, and losses alleged in Plaintiff's Complaint.

70.    LG Chem incorporates by reference herein, as if fully set forth, all defenses, both affirmative and otherwise, raised, pleaded, or asserted by all other answering defendants.

71.    Although LG Chem does not presently have specific facts in support of its defenses, however, it wish to put Plaintiff or its insured upon notice that it raises the following defenses which, through subsequent discovery may be

1 supported by the facts: lack of jurisdiction over the person, accord and
2 satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel,
3 set-off, failure to join an indispensable party, failure of consideration, fraud,
4 illegality, laches, license, payment, release, res judicata, statute of frauds, statute
5 of limitations, insufficiency of process and insufficiency of service of process and
6 waiver.

7       WHEREFORE, having fully answered Plaintiff's Fourth Amended
8 Complaint, LG Chem prays:

9       1.      That the Fourth Amended Complaint be dismissed with prejudice;
10       2.      That Plaintiff take nothing thereby;
11       3.      That LG Chem be awarded all costs and/or attorney fees incurred
12       herein; and
13       4.      The Court enter an award for such other and further to LG Chem as
14       it deems just and proper in the circumstances.

16       Dated this 30th day of July, 2018.

17                     **O'CONNOR & CAMPBELL, P.C.**

19             By: */s/ Daniel J. O'Connor, Jr.*
20               Daniel J. O'Connor, Jr.
21               Karen J. Stillwell
              Attorneys for Defendant
22               LG Chem, Ltd.

1

## **CERTIFICATE OF FILING**

2

3
     I hereby certify that on July 30, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

4

5
Timothy Moulton
The Moulton Law Firm, P.C.

6
6401 E. Thomas Rd., Suite 101
Scottsdale, AZ 85251

7
Attorney for Plaintiff

8

9
Scott McClure
Amy R. Levine
LEWIS BRISBOIS BISGAARD & SMITH LLP

10
2929 North Central Avenue, Suite 1700

11
Phoenix, Arizona 85012-2761
Attorneys for Defendant Amazon.com, Inc.

12

13
   */s/ Erica Meany*

14

15

16

17

18

19

20

21

22

23

24

25

26