**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire and Casualty Company, | No. CV-17-01994-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Amazon.com Incorporated, et al., | |
| Defendants. | |

On April 2, 2018, the parties filed a stipulated request for a protective order. (Doc. 87). On April 10, 2018, the Court denied that request and issued the following Order:

> Pending before the Court is a stipulated-to protective order submitted by Plaintiff and one Defendant. The stipulation offers the following justification: "Good cause exists for entry of the Protective Order. In order to comply with their respective disclosure obligations, the parties must disclose information that is protected, private, and/or confidential. Some of this information relates to Defendant Amazon.com, Inc.'s confidential and proprietary business information." (Doc. 87 at 2). The actual proposed order lists certain categories of documents that will be protected and also states "'Confidential Information' means any information that is private, confidential, or proprietary, including the following representative but non-exclusive examples: …." (Doc. 87-1 at 3).
>
> Global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).
>
> Thus, "[t]he burden is on the party to requesting a protective order to

> demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).
>
> Here, the language of the parties' proposed protective order is too generalized to meet the requirements of Rule 26. For example, it defines confidential information as information that is confidential. It offers no explanation of what information would be included or why it would need to be protected. Accordingly, the stipulation will be denied. Therefore,
>
> **IT IS ORDERED** that the stipulation for a protective order (Doc. 87) is denied, without prejudice.

(Doc. 88).

Almost one year later, on March 6, 2019, the parties filed another stipulated request for a protective order. (Doc. 134). The new request does not cure the deficiencies identified in the prior protective order. Specifically, it still seeks to protect "Defendants' confidential and personal information" (Doc. 134 at 2) but does not specify why such information is entitled to protection.[1] Further, the proposed order states: "The following is a list of representative but not exclusive examples of the types of confidential information that the parties may exchange: …". (Doc. 134-1 at 3). Thus, the parties still seek an order that allows them to mark "representative" items as confidential without making any showing that such items are entitled to protection. Finally, by way of example, the parties state that they will mark "Email chains from Amazon and Amazon UK, which reveal confidential internal business and safety processes, and may implicate UK data privacy laws." (Doc. 134-1). If disclosing information violates the law, the parties should not disclose it. The Court is aware of no authority that would give this Court the power to give the parties permission to violate the law.

Moreover, discovery in this case has been ongoing since at least December 2017. (Doc. 67). Discovery closes in May 2019. The Court assumes discovery is close to complete. Thus, the Court finds this late request for a protective order likely untimely as the Court will not enter the Order retroactively as to information already exchanged.

Based on the foregoing,

/ / /

---

[1] The Court is not even clear to whom the parties refer when they say "Defendants."

- 2 -

| | |
|---|---|
| 1 | **IT IS ORDERED** that the motion for protective order (Doc. 134) is denied. |
| 2 | Dated this 6th day of March, 2019. |

_____
James A. Teilborg
Senior United States District Judge